UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRIENDS OF DEL NORTE, et al., <br><br>Plaintiffs, <br><br>v. <br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION, et al., <br><br>Defendants. | Case No. 3:18-cv-00129-JD <br><br>**ORDER RE MOTION TO DISMISS** <br>Re: Dkt. No. 47 |

This order resolves the federal defendants' motions to dismiss claims against the Federal Highway Administration ("FHWA") under Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6). Dkt. No. 47. The facts and record in this long-running dispute were presented in detail in prior proceedings, and the parties' familiarity with them is assumed. *See Souza v. Cal. Dep't of Transp.*, Case No. 13-cv-04407-JD, Dkt. No. 87 (May 2, 2014 preliminary injunction order); *id.*, Dkt. No. 97 (July 9, 2014 dismissal without prejudice order).

The Court finds the motion suitable for decision on the papers pursuant to Civil Local Rule 7-1(b). The claims are dismissed with leave to amend.

**DISCUSSION**

**I.     LEGAL STANDARDS**

Well-established standards govern the motions. "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citations omitted).

Plaintiffs incorrectly characterize FHWA as "disput[ing] the truth" of jurisdictional allegations and making a factual attack under Rule 12(b)(1). Dkt. No. 51 at 6. But they also recognize that defendants' motion "presents a straightforward question of statutory interpretation: when Congress limited FHWA's authority to assign federal environmental review responsibilities to States for 'highway projects within the State,' did it intend to exclude projects, like the Project [at issue here], which have as their explicit purpose the facilitation of certain types of traffic . . . between two States?" *Id.* at 1. This amounts to a facial challenge to jurisdiction. "Where a defendant in its motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) asserts that the allegations in the complaint are insufficient to establish subject matter jurisdiction as a matter of law (to be distinguished from a claim that the allegations on which jurisdiction depends are not true as a matter of fact)," the attack on jurisdiction is made on the face of the complaint, and the Court takes "the allegations in the plaintiff's complaint as true." *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). A "question of statutory interpretation" presents a legal, not a factual, dispute and constitutes a facial attack on jurisdiction.

The jurisdictional issue in this case relates to the sovereign immunity of the FHWA, a component of the federal government. *See Dep't of Treas.-I.R.S. v. Fed. Lab. Relations Auth.*, 521 F.3d 1148, 1152 (9th Cir. 2008) (sovereign immunity goes to jurisdiction). The Supreme Court has stated "on many occasions that a waiver of sovereign immunity must be 'unequivocally expressed' in statutory text." *F.A.A. v. Cooper*, 566 U.S. 284, 290 (2012). "Legislative history cannot supply a waiver that is not clearly evident from the language of the statute. Any ambiguities in the statutory language are to be construed in favor of immunity, so that the Government's consent to be sued is never enlarged beyond what a fair reading of the text requires." *Id.* (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This calls for enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility analysis is "context-specific" and

2

not only invites, but "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## II. RULE 12(B)(1) MOTION

At issue here is the proper interpretation of 23 U.S.C. § 327, which allows FHWA to assign responsibility for performing environmental reviews required by federal law to states that undertake certain transportation projects. 23 U.S.C. § 327(a)(2)(A), (B). Under such an assignment, the state becomes "solely responsible and solely liable for carrying [the reviews] out." *Id.* § 327(e). While the FHWA may intervene in these actions, *id.* § 327(d)(3), it cannot be sued for a state's failure to fulfill its environmental review responsibilities, *see id.* § 327(d)(2), and the state is liable "in lieu of and without further approval of the Secretary [of Transportation]." *Id.* § 327(e). This section simply permits the FHWA to assign environmental review responsibilities for projects "within" a state. *Id.* § 327(2)(A), (B)(ii).

The 197/199 Safe STAA Access Project is entirely "within the State" of California, so responsibility for the project's environmental reviews may be assigned under Section 327. Department of Transportation regulations have interpreted Section 327 to mean that "[e]nvironmental reviews ineligible for assignment and State assumption . . . include reviews for the following types of projects: (1) Projects that cross State boundaries, and (2) Projects adjacent to or that cross international boundaries." 23 C.F.R. § 773.105(c). The memorandum of understanding ("MOU") between California and FHWA that governs the project at issue mirrors this regulatory language and excludes "[a]ny project that crosses State boundaries and any project that crosses or is adjacent to international boundaries" from California's assumption of environmental review responsibility for highway projects. Dkt. No. 1, Ex. 1 at ECF p. 83 (MOU § 3.3.2). There is no dispute that all the work called for by the challenged project is located in California. *See* Dkt. No. 1 ¶¶ 9, 108-113.

California has assumed responsibility for conducting the environmental reviews in this case under the governing MOU. That agreement assigns responsibility for environmental assessments under the National Environmental Policy Act, the Endangered Species Act, the Magnuson-Stevens Act, the Wild and Scenic Rivers Act, and Section 4(f) of the Department of

3

Transportation Act, among other federal laws, to the state. Dkt. No. 1, Ex. 1 at ECF pp. 78-80 (MOU §§ 3.1-3.3). These are all the environmental assessments that plaintiffs allege defendants, including the FHWA, failed to comply with. Dkt. No. 1 ¶¶ 134-184. Since the project is "within the State" of California, the MOU properly assigned responsibility for the relevant reviews to California under federal law, transportation regulations, and its own terms. Consequently, the state is "solely responsible and solely liable for carrying [them] out." 23 U.S.C. § 327(e). Concomitantly, the Court lacks jurisdiction over the FHWA regarding the claims in this case.

Plaintiffs' arguments to the contrary are not well taken. They contend that the 197/199 Safe STAA Project is not "within the State" of California because the purpose of the project is to increase interstate traffic between California and Oregon and its impacts will be felt in Oregon as well. Dkt. No. 51 at 8-15. But where a project is located is not necessarily coterminous with its purpose or impacts. For example, an international airport may be entirely within California, but its purpose is to facilitate travel outside of the state and its impacts will be felt externally as well. But the airport is still "within" California. So too here.

Plaintiffs' arguments also unduly depend on verbal contortions and gymnastics to challenge the statutory immunity grant. While sovereign immunity "must be 'unequivocally expressed,'" any "ambiguities in the statutory language are to be construed in favor of immunity, so that the Government's consent to be sued is never enlarged beyond what a fair reading of the text requires." *Cooper*, 566 U.S. at 290 (citations omitted). Plaintiffs suggest that the project should be defined as "a STAA truck corridor between Grants Pass, Oregon and Crescent City, California," via a daisy-chain of dictionary definitions. Dkt. No. 51 at 9. But the only reasonable understanding of "project" in this case is the 197/199 Safe STAA Access Project, which according to the complaint, consists of five roadwork sites in California. Dkt. No. 1 ¶ 9. Similarly, plaintiffs assert that "project" in Title 23, the highway code, should be synonymous with the Endangered Species Act's "action area," with no justification. Dkt. No. 51 at 12-13; *see CZ Servs., Inc. v. Express Scripts Holding Co.*, Case No. 18-cv-04217, 2018 WL 4998141, at *2 (N.D. Cal. Oct. 15, 2018) (rejecting argument that statutory terms must be defined by reference to distant and disconnected code sections).

With Section 327, Congress made an explicit choice to allow states undertaking certain transportation projects to assume responsibility for environmental assessments that would otherwise be required of the FHWA. Congress required that when a state takes such responsibility, as California has here, it is "solely responsible and solely liable for carrying out" those reviews. FHWA's sovereign immunity has not been waived, and the Court lacks jurisdiction over the claims asserted against it in this case.

### III. RULE 12(B)(6) MOTION

Because the Court lacks jurisdiction over all claims against the FHWA, its Rule 12(b)(6) motion to dismiss certain claims for failure to state a claim is terminated as moot.

### CONCLUSION

FHWA's motion to dismiss under Rule 12(b)(1) is granted, and its Rule 12(b)(6) motion is terminated as moot. In light of the clear statutory language, the Court has doubts that plaintiffs can amend around this jurisdictional problem. Even so, since the Court cannot say that any amendment would necessarily be futile and leave to amend "when justice so requires" is to be granted with "extreme liberality," plaintiffs may file an amended complaint by May 8, 2020. *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018) (citations omitted). No new claims or parties may be added without the Court's prior approval.

If this deadline is not feasible in light of the public health situation, the parties may agree on a new date by stipulation. If the parties cannot agree, a party may ask the Court to extend the deadline.

**IT IS SO ORDERED.**

Dated: April 9, 2020

JAMES DONATO
United States District Judge