1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRIENDS OF DEL NORTE, et al.,

                    Plaintiffs,

           v.

CALIFORNIA DEPARTMENT OF
TRANSPORTATION, et al.,

                    Defendants.

Case No.  3:18-cv-00129-JD

**ORDER RE MOTION TO INTERVENE**

Re:  Dkt. No. 50

The Del Norte Local Transportation Commission ("DNLTC") has asked to intervene in this long-running dispute over a proposed project to modify U.S. Route 199 and State Route 197 in Del Norte County, California.  Dkt. No. 50.  The salient facts and record were presented in detail in prior proceedings, and the parties' familiarity with them is assumed.  *See Souza v. Cal. Dep't of Transp.*, Case No. 13-cv-04407-JD, Dkt. No. 87 (May 2, 2014 preliminary injunction order).

Plaintiffs oppose the motion.  Dkt. No. 52.  Defendants take no position.  DNLTC also seeks leave to file an untimely reply in support of its motion to intervene.  Dkt. No. 59.  The request for an extension is unopposed and granted.

The motion to intervene is granted on the limited grounds proposed by plaintiffs, Dkt. No. 52 at 12, and agreed to by DNLTC, Dkt. No. 58 at 3.  Accordingly, DNLTC's participation in this case is limited to reviewing the administrative record and supplementing the same, to the extent extra-record evidence is warranted.

Our circuit has a "traditionally liberal policy in favor of intervention." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc).  DNLTC seeks intervention as

1    of right under Federal Rule of Civil Procedure 24(a)(2).  Dkt. No. 50 at 5.  A four-part test under

2    Rule 24(a)(2) applies:  "(1) the motion must be timely; (2) the applicant must claim a

3    'significantly protectable' interest relating to the property or transaction which is the subject of the

4    action; (3) the applicant must be so situated that the disposition of the action may as a practical

5    matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be

6    inadequately represented by the parties to the action."  *Wilderness Soc'y*, 630 F.3d at 1177

7    (citations omitted).  This inquiry is conducted "on a case-by-case" basis.  *Id.* at 1179.

8        DNLTC's motion was timely, albeit just barely.  To determine timeliness, "we consider the

9    stage of the proceeding, prejudice to other parties, and the reason for and length of delay."  *Idaho*

10   *Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995).  While DNLTC filed its

11   motion long after this case had been filed in calendar terms  -- over a year and a half -- it was

12   "before any hearings or rulings on substantive matters."  *Id.*  The mere "lapse of time alone is not

13   determinative" in the timeliness inquiry.  *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th

14   Cir. 2016) (citation omitted).  "Where a change of circumstances occurs, and that change is the

15   'major reason' for the motion to intervene, the stage of proceedings factor should be analyzed by

16   reference to the change in circumstances, and not the commencement of the litigation."  *Id.*

17   (citation omitted).  The case was stayed from April 2018 until June 2019 for settlement

18   discussions, which is why DNLTC did not seek to intervene earlier.  Altered "negotiations" can

19   constitute a "changed circumstance."  *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984).

20   And given the limited nature of the intervention granted, plaintiffs' concerns that DNLTC will

21   present new issues and prolong and complicate the case are mitigated.

22       DNLTC has a right to intervene.  "A public interest group is entitled as a matter of right to

23   intervene in an action challenging the legality of a measure it has supported."  *Idaho Farm Bureau*

24   *Fed'n*, 58 F.3d at 1397 (citation omitted).  In *Wilderness Society*, the Ninth Circuit, sitting en

25   banc, abandoned a rule that prohibited non-federal government entities from intervening as

26   defendants in NEPA suits like this one, rejecting the premise that "such parties lack a

27   'significantly protectable' interest warranting intervention of right under Rule 24(a)(2) because

28   NEPA is a procedural statute that binds only the federal government."  630 F.3d at 1177 (citation

2

1    omitted).  DNLTC has "demonstrated an adequate interest because they had been active in the

2    administrative process."  *Id.* at 1180.  DNLTC has worked hard to get the 197/199 Safe STAA

3    Access Project funded for well over a decade.  Dkt. No. 50 at 7.  The third prong of the Rule

4    24(a)(2) test is also met, as disposition of this action will determine whether or not the highway

5    project may proceed.

6           The fourth requirement -- that the applicant's interest is inadequately represented by the

7    parties to the action -- is also met here.  "In determining adequacy of representation, we consider

8    whether the interest of a present party is such that it will undoubtedly make all the intervenor's

9    arguments; whether the present party is capable and willing to make such arguments; and whether

10   the intervenor would offer any necessary elements to the proceedings that other parties would

11   neglect."  *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986) (citation

12   omitted).  DNLTC has made that showing as plaintiffs' complaint makes several factual

13   allegations regarding the area of the project that DNLTC is uniquely positioned to address.  Dkt.

14   No 50 at 8.  A "presumption of adequacy of representation" also applies here because DNLTC and

15   the defendants share the same ultimate objective -- completion of the highway project.  *Citizens*

16   *for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011).  However, the

17   Ninth Circuit has recognized that representation by a government body "may have been

18   inadequate" because the interests of the putative intervenors "were potentially more narrow and

19   parochial than the interests of the public at large."  *Allied Concrete & Supply Co. v. Baker*, 904

20   F.3d 1053, 1067 (9th Cir. 2018) (citation omitted).  This difference can overcome the presumption

21   of adequate representation.  *Citizens for Balanced Use*, 647 F.3d at 899.

22          Because the Court grants the motion for intervention as of right, the alternative permissive

23   intervention argument need not be considered.  *Allied Concrete*, 904 F.3d at 1068 n.8.

24          **IT IS SO ORDERED.**

25   Dated:  July 29, 2020

26

27   _____

28   JAMES DONATO
     United States District Judge